## LEONORI HOTEL CO. v. QUINTARD.

(Supreme Court, Appellate Term, First Department.   May 5, 1915.)

1. LANDLORD AND TENANT ⬅⬆22—AGREEMENT TO TAKE LEASE—ENFORCEABILITY.

An agreement merely to take a lease of an apartment at an annual rent is not enforceable, where the terms and conditions entering into the lease were not determined, so that nothing remained to be discussed or to be done except to reduce the completed agreement to writing.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. ⬅⬆22.]

2. TRIAL ⬅⬆251—INSTRUCTIONS—CONFORMITY TO ISSUES.

Where, in an action for rent under an oral lease, the evidence of plaintiff showed that in May defendant expressly wished to take an apartment for a year, and directed the making of a lease, that plaintiff prepared a lease, signed it, and sent it to defendant, who did not sign it, or express any dissent therefrom; that in September defendant stated that he could not sign the lease, but would take the apartment, while defendant denied the testimony, so that the sole issue was whether defendant in September made an oral lease, instructions submitting the case on the issue of a lease made in May, and repudiated in September, were erroneous, and the court should have submitted the issue of an oral agreement for a lease made in September.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. ⬅⬆251.]

Appeal from City Court of New York, Trial Term.

Action by the Leonori Hotel Company against George W. Quintard, III.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Edward Maxson, of New York City (Earl W. Osborne, of New York City, of counsel), for appellant.

Forster, Hotaling & Klenke, of New York City (George P. Hotaling and William H. Klenke, both of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff has recovered judgment for unpaid rent claimed to be due under an alleged oral lease.   The complaint states that the premises were demised and leased on or about the 1st day of October.   The bill of particulars states that the lease was made on May 7, and confirmed on September 21, 1913.   According to the testimony produced by the plaintiff, the defendant on May 7th, while living at plaintiff's hotel, saw the manager of the hotel and said he would like to look at an apartment for the year beginning October 1st.

He was shown an apartment, and told that the price was $3,300 by the year, unfurnished, and defendant said he would take the apartment for a year, and directed the manager to make out a lease and send it to him. The plaintiff on the same day prepared a lease, signed it, and sent it to the defendant. The plaintiff during the summer wrote several times to the defendant concerning the decoration of the apartment. At no time did the defendant sign the lease, but he never expressed any dissent from its terms; in fact, it is not shown that he ever, during this period, wrote to the plaintiff. In September, according to the testimony of plaintiff's manager, the defendant told him in effect that under the advice of his counsel he could not sign the lease, as he had some matrimonial difficulties rendering the establishment of a residence in New York inadvisable, but that he was satisfied to take the apartment. "He said he would take it; he had taken the apartment, and he was going to occupy it." This testimony is, however, denied by the defendant.

It will be seen that the real issue in the case is whether the defendant on or about September 21st made an oral lease. The plaintiff's attorney in his brief sets forth, I think correctly, the effect of this testimony, if true:

"Thus the making of this contract really extended from May 7th to September 21st, and was completed when in legal effect plaintiff accepted defendant's proposal to take, without a written lease, the apartment for the year on the terms and conditions set forth in the lease which defendant had in his possession for over three months, without objecting to any of its terms, and only asking that he might take it without actually signing the paper."

[1, 2] The learned trial justice, however, did not leave to the jury the question of whether a lease was made on or about September 21st, but charged the jury:

"You have a very simple issue to determine in this litigation, and it is simply this: Did this defendant in the month of May, 1913, as claimed by the plaintiff in this action, agree to take a lease of an apartment in the plaintiff's hotel at an annual rental of $3,300? That is all there is to this case. If he did, that agreement was just as if it had been reduced to writing. * * * Now, was there, as claimed by the defendant, anything that was left for future consideration?"

He then reviewed the plaintiff's testimony, and then the defendant's testimony, and stated:

"Now, what is the fair inference to be drawn from that testimony? Is it, as claimed by him, that he never made any promise to take a lease of these premises for one year? Or is the natural inference deducible from that statement that an agreement was made by him to take a lease for a year, and thereafter, on account of domestic trouble, he sought to avoid it. Now avoidance of a contract of that character cannot be made unless the other party agrees to it," etc.

At the close of the main charge the learned trial justice charged, at the defendant's request, and without exception from the plaintiff:

"That all the terms of the agreement for this lease must have been made on May 7th; the agreement with respect to this verbal lease must have been made on May 7th, the date fixed in the bill of particulars as being the date when the contract was made."

It thus appears that the learned trial justice accepted the plaintiff's theory of the case as shown by the bill of particulars, and left to the jury the question whether a complete agreement for a lease was made in May, and the jury upon this issue held in the plaintiff's favor. If the issue had been, as the trial justice stated in his original charge:

"Did this defendant in the month of May, 1913, as claimed by the plaintiff in this action, agree to take a lease of an apartment in the plaintiff's hotel at the annual rental of $3,300?"

—then there would be ample evidence to sustain the jury's verdict. However, an agreement merely to take a lease of an apartment at an annual rental of $3,300 is not an enforceable agreement. In order to constitute a valid agreement, the parties' minds must have met, not only on the proposition that a lease was to be made at a certain sum, but that every term and condition which should enter into the lease had been also agreed upon, so that nothing remained to be discussed, and nothing remained to be done, except to reduce the completed agreement to writing. Sherry v. Proal, 131 App. Div. 774, 116 N. Y. Supp. 234.

The learned trial justice recognized that only such an agreement could be enforced when, at defendant's request, he charged that all the terms of the agreement must have been made on May 7th. There is, however, no evidence that all the terms of the lease had been agreed upon at that time; in fact, as shown above, the plaintiff does not now claim that any complete or enforceable agreement was made at that time. The parties had at most agreed tentatively to make a written lease, and either party had a perfect right to withdraw from the negotiations at any time before all the terms to be embodied in the written lease were agreed upon. The subsequent conversations in September did not confirm the earlier tentative agreement, and no force could be given to such an incomplete agreement by any confirmation. If the plaintiff's story is true and accurate, then at that time perhaps the defendant made a complete agreement to take a lease for a year upon the terms that had been previously offered in the proposed written leases. Such an agreement, however, arose, if at all, through the acceptance by the plaintiff of an offer by the defendant to make an oral lease upon the terms and conditions set forth in the proposed written leases prepared by the plaintiff.

The sole issue in this case is, therefore, whether or not such an agreement was made on September 21st, but no such question was left to the jury. On the contrary, the learned trial judge distinctly told the jury that if in September, on account of domestic trouble, the defendant tried to avoid a previous oral agreement, such avoidance could not be made.

It follows that since the trial judge charged, without exception, that the issue in the case was only whether a complete agreement was made in May as set forth in the bill of particulars, and that if such agreement was made in May, and thereafter repudiated in September, such repudiation was not valid; and since the evidence is undisputed that no complete agreement was made in May, or at any time until the con-

versations in September, at which time defendant claims he refused to proceed with the tentative and incomplete agreement made in May, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.